### J. H. BAINES v. MENSING BROS. & CO.

(No. 2466.)

APPEAL from Galveston.    Opinion by WHITE, P. J.

WAUL & WALKER, counsel for appellant.

DAVIS & DAVIDSON, counsel for appellees.

§ 363. *Privilege to be sued in county of residence; written contract with reference to, construed; case stated.* Appellees brought this suit against appellant in the county court of Galveston county for a balance due on goods sold him by them, and also for money advanced by

them to him with which to purchase cotton. The goods were sold to him upon his written orders, which orders contained a statement as follows: "This, as well as all previous and all subsequent purchases, is payable at your office in Galveston, with interest after maturity at ten per cent. per annum." After said orders for the goods had been given, appellees advanced to appellant the money with which to purchase cotton, and appellant owed them a balance of said money. This suit was to recover both said balances above named. Appellant pleaded in due form his privilege to be sued in Shelby county, the county of his residence. This plea was overruled by the court upon the ground that he had contracted in writing to pay said indebtedness in Galveston county; the court holding that the portion of his written orders for goods above quoted included the money advanced to him. Judgment was rendered for appellees for the full amounts sued for by them. *Held:* The contract of the purchase of the goods, and the contract of the advancement of the money, are separate and distinct contracts. There was no undertaking on the part of appellant, in writing, to pay back to appellees in Galveston the money advanced to him by them. He so contracted to pay for the goods purchased by him, but did not so contract with respect to the money. The word "purchases," used in the written orders, does not embrace the money transaction. Appellant's plea of privilege should have been sustained as to the claim for the balance due on money advanced.

February 25, 1888.          Reversed and remanded.